IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HEATHER TOYE                                                    PLAINTIFF

vs.                              Civil No. 2:15-cv-02202

CAROLYN W. COLVIN                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Heather Toye ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of

disability.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff protectively filed her disability applications on October 17, 2012. (Tr. 13, 147-157).

In these applications, Plaintiff alleges being disabled due to degenerative disc disease and spinal

stenosis in three vertebrae. (Tr. 212). These applications were denied initially and again upon

reconsideration. (Tr. 47-66).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The
transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted.  (Tr. 100-113).  This hearing was held on August 28, 2013 in Fort Smith, Arkansas.  (Tr. 27-46).  At this hearing, Plaintiff was present and was represented by Jack Willems.  *Id.*  Plaintiff and Vocational Expert ("VE") Patti Kent testified at this hearing.  *Id.*  At this hearing, Plaintiff testified she was thirty-one (31) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c). (Tr. 32).  As for her education level, Plaintiff testified she had completed college and completed vocational school and was trained as a massage therapist.  (Tr. 32).

On May 2, 2014, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications.  (Tr. 10-20).  The ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2014.  (Tr. 15, Finding 1).  The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 7, 2012, her alleged onset date.  (Tr. 15, Finding 2).  The ALJ determined Plaintiff suffered from the following severe impairments: degenerative disc disease/curvature of her spine, headaches, and hypertension.  (Tr. 15-16, Finding 3).  The ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr.16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-19, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the capacity to perform the light work:

(b) Light work.  Light work involves lifting no more than 20 pounds at a time with

2

frequent lifting or carrying of objects weighing up to 10 pounds.  Even when the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 19-20, Finding 6). The ALJ determined Plaintiff's PRW included work as a receptionist, license clerk, and cashier.  *Id.* Considering her RFC, the ALJ found Plaintiff retained the capacity to perform all of her PRW.  *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from August 7, 2012 (application date) through May 2, 2014 (ALJ's decision date).  *Id.*

Plaintiff sought review with the Appeals Council.  (Tr. 8-9).  Thereafter, on July 29, 2015, the Appeals Council denied Plaintiff's request for review.  (Tr. 1-3).  On September 30, 2015, Plaintiff filed her Complaint in this case.  ECF No. 1.  Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court.  ECF Nos. 9, 12.  This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9. Specifically, Plaintiff claims the following: (A) the ALJ's disability determination should be reversed because it is not supported by substantial evidence "in light of the numerous new and additional medical records submitted post-hearing"; (B) the ALJ's disability determination should be reversed because the ALJ did not "proffer a hypothetical question to the vocational expert that precisely described" her impairments; (C) the ALJ's RFC determination is not supported by substantial evidence; and (D) Social Security Ruling 16-3p requires a remand. ECF No. 9 at 7-19. The Court will consider each of these arguments.

**A.**   **Post-Hearing Evidence**

Plaintiff claims this case must be reversed and remanded to afford the ALJ the opportunity to review additional medical records. ECF No. 9 at 8-12. Plaintiff claims she submitted 88 pages of medical records to the Appeals Council, and the ALJ should be afforded an opportunity to review those records and issue a second disability determination. *Id.* Plaintiff claims these records were

not considered as a part of the ALJ's first disability determination that was issued on May 2, 2014. *Id.*

In considering this argument, and as an initial matter, this Court recognizes a remand to consider additional evidence is only permitted "upon a showing that there is new evidence which is material and that there was good cause for the claimant's failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (2010). Thus, the key provisions in this statute are that (1) the evidence is new; (2) the evidence is material; and (3) there was good cause for the claimant's failure to incorporate the evidence in the prior proceeding. *See id.*

In the present action, the Court simply cannot find Plaintiff has met the third requirement of 42 U.S.C. § 405(g). Indeed, the medical records which Plaintiff claims are "new evidence which is material" are dated from 2013 and 2014. (Tr. 373-455). It appears the majority of those records are dated *before* the ALJ's decision. (Tr. 4). Indeed, the ALJ's disability determination is dated May 2, 2014. The majority of these medical records are from before that date. (Tr. 373-455). Despite the fact the majority of these records are dated *before* the ALJ's decision date, it does not appear Plaintiff at all attempted to submit them to the ALJ or requested the record be held open after the administrative hearing to allow for further submission of medical records. Indeed, Plaintiff provides absolutely no "good cause" for her delay and "failure to incorporate the evidence in the prior proceeding." Thus, this Court cannot find Plaintiff has met her burden of demonstrating "good cause" for this remand.

Additionally, as a final note, Plaintiff argues under this issue that the ALJ improperly determined her mental impairments were non-severe. ECF No. 9 at 11-12. Upon review, however, Plaintiff did not allege in her applications that she was disabled due to a mental impairment. (Tr.

6

212).  Further, although she referenced in a cursory manner her panic attacks, she also never alleged

at the administrative hearing that she was disabled due these attacks.  *See* Tr. 43.  Thus, the ALJ was

under no obligation to investigate these now-alleged disabilities.  *See Pena v. Chater,* 76 F.3d 906,

909 (8th Cir. 1996) (recognizing there is no obligation to investigate a claim not presented in an

application or offered at a hearing as a basis for a disability).

### B.      Hypothetical to the VE

Plaintiff claims the ALJ's hypothetical to the VE was deficient because it did not include her

limitation that she needed to use a cane to ambulate.  ECF No. 9 at 13-14.  In support of her claim

that she needs a cane to ambulate, Plaintiff references her testimony at the administrative hearing

wherein she testified "she had used the cane for about a year and a half." (Tr. 31-32).  Plaintiff also

references a few medical records which note her use of a cane.  ECF No. 9 at 13-14.

Interestingly, however, despite Plaintiff's current claim that she requires the use of a cane to

ambulate and had been prescribed a cane, Plaintiff *specifically testified* otherwise at the

administrative hearing in this matter:

> Q:      Ms. Toye, you are walking today with a cane.  How long have you
> had that cane?
>
> A:      I have had this case [cane] for about a year and a half.  *It wasn't
> always necessary to walk with it constantly.*
>
> Q:      Has the doctor *told you to walk with a cane?*
>
> A;      *No*

(Tr. 31-32) (emphasis added).  Thus, it was certainly not error for the ALJ to take Plaintiff at her

word that she does not constantly require the use of a cane and that she had never been prescribed

a cane.  The Court also cannot find the ALJ was required to include this limitation in his hypothetical to the VE.

### C.      RFC Determination

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record.  ECF No. 9 at 15-16.  Specifically, Plaintiff again references her supposed required use of a cane.  As noted above, Plaintiff herself testified at the administrative hearing she had not been prescribed a cane.  Thus, the Court cannot find the ALJ erred in assessing this limitation.[2]

### D.      Social Security Ruling 16-3p

Plaintiff claims this case must be reversed and remanded because of Social Security Ruling 16-3p.  ECF No. 9 at 17-18.  Plaintiff argues this ruling requires "the focus of the [credibility] evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person."  *Id.*  Plaintiff claims the ALJ did this in her case, and her case must be reversed and remanded to further evaluate her credibility.  *Id.*

Upon review of the ALJ's decision, the Court finds Plaintiff's argument is without merit. Indeed, in his decision, the ALJ did not simply find Plaintiff to be untruthful, and the ALJ did not simply discount her allegations based upon his general finding that she was not truthful.  Rather, the ALJ evaluated her claims (as he should) and stated *specific bases* for his credibility determination. (Tr. 18-19).  These bases included the following: (1) Plaintiff had only received conservative care for her alleged impairments; (2) Plaintiff was noncompliant in taking her medications which may have exacerbated her symptoms; (3) Plaintiff had never reported significant side effects from her

---

[2] Plaintiff references a medical record she submitted to the Appeals Council in support of her claim she had been prescribed a cane.  (Tr. 433).  Again, however, this record was not included as a part of the original transcript and was not considered by the ALJ and will not be considered here.

medications; and (4) Plaintiff claimed she could not afford medical treatment but never sought low-cost or free medical care.  *Id.*  Thus, the Court cannot find Plaintiff's case should be reversed and remanded based upon this issue.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

        **ENTERED this 6th day of October 2016.**

                                        /s/   Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE